Ex. D



Bridget Pranzatelli <bridget@nipnlg.org>

---

## [URGENT] Re: 1:25-cv-01320 - Unlawful Removal

**Smitherman, Shannon (USALAW)** <Shannon.Smitherman@usdoj.gov>  Mon, Nov 17, 2025 at 9:04 AM
To: Bridget Pranzatelli <bridget@nipnlg.org>
Cc: Andrew Perry <APerry@laaclu.org>, "Nahmed@laaclu.org" <nahmed@laaclu.org>, "gillman@rfkhumanrights.org" <gillman@rfkhumanrights.org>, "decker@rfkhumanrights.org" <decker@rfkhumanrights.org>, "Gruettner, Stephanie (USALAW)" <Stephanie.Gruettner@usdoj.gov>

Good morning Bridget,

ICE has confirmed that ERO is not willing to release your client on OSUP upon re-arrival in the United States.  Please let me know if/when your client intends to present at the Tijuana port of entry so that I can update my client.

Thanks,

Shannon

---

**From:** Bridget Pranzatelli <bridget@nipnlg.org>
**Sent:** Sunday, November 16, 2025 12:23 PM
**To:** Smitherman, Shannon (USALAW) <Shannon.Smitherman@usdoj.gov>
**Cc:** Andrew Perry <APerry@laaclu.org>; Nahmed@laaclu.org; gillman@rfkhumanrights.org; decker@rfkhumanrights.org; Gruettner, Stephanie (USALAW) <Stephanie.Gruettner@usdoj.gov>
**Subject:** Re: [EXTERNAL] [URGENT] Re: 1:25-cv-01320 - Unlawful Removal

Hi Shannon,

We are writing to (1) reurge our request that your client place Britania on an Order of Supervision ("OSUP") upon arrival in Tijuana, which for the reasons discussed further below is now set for **Tuesday, November 18, 2025**; and to (2) request compensation for the travel expenses our client is being forced to incur to return to the United States.

As to the OSUP request, it is being brought to the fore because your clients can no longer be entrusted to follow the law and the judicial decree at issue here: deferral of removal under the Convention Against Torture ("DCAT"), granted by an immigration judge on March 14, 2025. "[I]nadvertent" removal cannot be tolerated—and it absolutely cannot be tolerated a second time—as it places our client's life in danger, the very life the DCAT order sought to protect.

Right now, Britania's delay in arriving at the Tijuana port of entry is wholly due to the extreme danger she faces in Mexico, the gravity of which cannot be overstated. Most importantly, as outlined in our papers before the federal district court, Britania is neither a flight risk nor a danger. There is simply no reason to prevent her from going home to Nevada unless (or until) lawful removal to a third country (accounting for any fear-based claims that may result and require processing) is imminent.

For the sake of clarity, Britania's delayed arrival back to the United States, which she is being forced to navigate on her own with zero assistance from the United States government—despite Respondents' grave error—results from the fact that:

· Britania is constantly afraid of being discovered, tortured, or killed because of her transgender identity—forcing her to move extremely carefully across Mexico to remain undetected;

· Britania cannot fly in Mexico because she fears torture or death if authorities see the gender markers on some of her identification documents;

· Britania was *removed by your clients suddenly without any money, and yet* bus or car travel across Mexico costs hundreds of dollars; and

· Britania is legally incompetent, and thus has significant trouble coordinating and navigating travel.

All these risks were fully known by your clients when they removed our client to Mexico, as they are the exact basis for the DCAT relief she received.

For the above-mentioned reasons, it is our firm view that granting Britania an OSUP upon return and providing remuneration for her travel expenses to the United States is an eminently reasonable solution to the erroneous and unlawful deportation that occurred here.

Best,

Bridget

On Fri, Nov 14, 2025 at 4:56 PM Smitherman, Shannon (USALAW) <Shannon.Smitherman@usdoj.gov> wrote:

> I have been handling many other emergency immigration matters today, so I unfortunately have not had the chance to fully discuss with my client.  However, I did forward your last email to my client and have not received a response to that inquiry.  For today, my priority was ensuring that ERO was aware of the intention for your client to present at the Tijuana POE this weekend.
>
> If I hear back from my client, I will let you know.  Otherwise, I assume this is something we will need to take up next week.
>
> Thanks,
>
> Shannon
>
> ---
>
> **From:** Bridget Pranzatelli <bridget@nipnlg.org>
> **Sent:** Friday, November 14, 2025 4:11 PM
> **To:** Smitherman, Shannon (USALAW) <Shannon.Smitherman@usdoj.gov>
> **Cc:** Andrew Perry <APerry@laaclu.org>; Nahmed@laaclu.org; gillman@rfkhumanrights.org; decker@rfkhumanrights.org; Gruettner, Stephanie (USALAW) <Stephanie.Gruettner@usdoj.gov>
> **Subject:** Re: [EXTERNAL] [URGENT] Re: 1:25-cv-01320 - Unlawful Removal
>
> Shannon,

> Thank you for your email. To the extent we gather additional details on our end about the timing of Britania's approach to the Tijuana port of entry, we will keep you apprised. On that note, have you discussed with your client their willingness to release Britania on an OSUP upon surrender?
>
> Bridget
>
> On Fri, Nov 14, 2025 at 3:57 PM Smitherman, Shannon (USALAW) <Shannon.Smitherman@usdoj.gov> wrote:
>
>> Good afternoon,
>>
>> I have spoken to my client and confirmed that ERO has been informed that your client intends to present at the Tijuana port of entry this weekend.
>>
>> Thanks,
>>
>> Shannon
>>
>> **From:** Bridget Pranzatelli <bridget@nipnlg.org>
>> **Sent:** Friday, November 14, 2025 12:44 PM
>> **To:** Smitherman, Shannon (USALAW) <Shannon.Smitherman@usdoj.gov>
>> **Cc:** Andrew Perry <APerry@laaclu.org>; Nahmed@laaclu.org; gillman@rfkhumanrights.org; decker@rfkhumanrights.org; Gruettner, Stephanie (USALAW) <Stephanie.Gruettner@usdoj.gov>
>> **Subject:** Re: [EXTERNAL] [URGENT] Re: 1:25-cv-01320 - Unlawful Removal
>>
>> Thank you for your email, Shannon.
>>
>> As of this morning, we managed to connect with our client. Right now, it looks like she can make it to the Tijuana port of entry this weekend. We ask that you ensure she is allowed to return when she arrives.
>>
>> In an abundance of caution, we are preparing (a) a TRO for Britania's immediate release for when she re-enters US custody, (b) a complaint against the US government for the flagrant violation of the immigration court order at issue here, and (c) a damages claim to ensure Britania is timely allowed to return to the United States, is promptly released from custody, and is remunerated for the harms she had endured as a result of Respondents' unlawful deportation.
>>
>> That said, it is our sincere hope that we do not need to litigate this matter any further, and that your client will agree to immediately release Britania on an OSUP when she appears at the Tijuana port of entry. We understand that Britania is theoretically removable to a third country; however, she retains her right to contest any such removal. If it comes to pass that a destination can in fact be secured for her safe and secure removal, and that she is afforded all attendant process to contest any such removal on fear-based grounds (should they exist), she will report for removal processing at that time.
>>
>> We look forward to hearing from you and, in the interim, will be preparing the aforementioned papers.
>>
>> Bridget
>>
>> On Fri, Nov 14, 2025 at 10:44 AM Smitherman, Shannon (USALAW) <Shannon.Smitherman@usdoj.gov> wrote:
>>
>>> Good morning,

I fully understand and appreciate your position as relayed below and in your previous emails. I am working diligently to get as much information as possible as to your client's whereabouts and intend to update you as soon as I am able. What I can tell you now is that ICE stands ready to remedy the inadvertent removal by allowing your client to voluntarily reenter the United States if your client wishes to do so. Therefore, if you can communicate with your client, or anyone that has contact with your client, please advise that if Rios will present to a port of entry, then ICE will facilitate reentry into the United States. The process will be made smoother if you are able to tell me a time and place for your client to present that I can relay to ICE.

Regarding your questions about location of removal, what I have been able to gather is that your client was flown to Harlingen, Texas on November 11, 2025, at approximately 5:30 pm. From there, your client was bussed to the Brownsville border station. Accordingly, the Brownsville border station is likely the closest port of entry to your client, if Rios did not travel somewhere else upon arrival in Mexico, which is simply not something that I am able to confirm. I am awaiting further details specific to the timing of the removal at the Brownsville border station.

Again, I understand your position is that it is the sole responsibility of the Government to find and return your client to the United States. However, I am sure that you can understand the practical barriers to that position. Accordingly, if you can provide me with any additional information to assist the situation, please do so. Otherwise, I will continue to provide information as I get it.

Thanks,

Shannon

---

**From:** Bridget Pranzatelli <bridget@nipnlg.org>
**Sent:** Thursday, November 13, 2025 8:05 PM
**To:** Smitherman, Shannon (USALAW) <Shannon.Smitherman@usdoj.gov>
**Cc:** Andrew Perry <APerry@laaclu.org>; Nahmed@laaclu.org; gillman@rfkhumanrights.org; decker@rfkhumanrights.org; Gruettner, Stephanie (USALAW) <Stephanie.Gruettner@usdoj.gov>
**Subject:** Re: [EXTERNAL] [URGENT] Re: 1:25-cv-01320 - Unlawful Removal

Shannon,

We are writing to inquire about your clients' progress in ensuring the safe return of our client to the United States. As you can understand, we find the deportation of our client against a court order to the very location where it was determined she will likely face torture to be an egregious violation requiring the swiftest of action on your clients' part. We have not heard any further word on this in the past 24 hours, nor have we heard from our client. As we noted yesterday, it is our view that it is the sole responsibility of the United States government to find our client and bring her back to the United States. We would appreciate any update you have on the progress being made towards this end.

In the absence of any such update, we have no choice but to take further legal action on behalf of our client. We look forward to hearing from you.

Thank you,

Bridget

On Wed, Nov 12, 2025 at 6:03 PM Smitherman, Shannon (USALAW) <Shannon.Smitherman@usdoj.gov> wrote:

> Bridget,
>
> I was under the impression that your client had the ability to communicate with you since you learned of your client's removal before I did. I apologize if that understanding was incorrect. I will relay your position to ICE.
>
> In the meantime, if you learn of any information that could help this situation, please let me know.
>
> Thanks and have a nice evening,
>
> Shannon
>
> ---
>
> **From:** Bridget Pranzatelli <bridget@nipnlg.org>
> **Sent:** Wednesday, November 12, 2025 5:47:35 PM
> **To:** Smitherman, Shannon (USALAW) <Shannon.Smitherman@usdoj.gov>
> **Cc:** Andrew Perry <APerry@laaclu.org>; Nahmed@laaclu.org <nahmed@laaclu.org>; gillman@rfkhumanrights.org <gillman@rfkhumanrights.org>; decker@rfkhumanrights.org <decker@rfkhumanrights.org>; Gruettner, Stephanie (USALAW) <Stephanie.Gruettner@usdoj.gov>
> **Subject:** Re: [EXTERNAL] [URGENT] Re: 1:25-cv-01320 - Unlawful Removal
>
> Hi Shannon,
>
> Thank you for following up. While we are in the process of working to locate our client and answer the questions you posed below, you can understand that our ability to do so is greatly constrained because we have absolutely no information about where your clients dropped her---let alone the closest port of entry to that location.
>
> Under these circumstances, where ICE has wrongly deported someone, it is incumbent on ICE to find our client and bring her back. As they know, Britania is incompetent. She was not able to understand her removal proceedings, much less navigate Mexico alone. At this point, our understanding is that she has no phone, no money, and is in abject fear that she will be killed by her persecutors. In the end, this is why she was granted DCAT.
>
> We therefore ask that you have your clients undertake efforts to locate our client forthwith and return her. In the interim, we will do everything we can on our end to find her, communicate with her, and share that information with you. But please understand the imbalance of information and ability here is extraordinary and it is our firm view that your clients have the ability to locate and return our client straight away.
>
> Best,
>
> Bridget

On Wed, Nov 12, 2025 at 4:47 PM Smitherman, Shannon (USALAW) <Shannon.Smitherman@usdoj.gov> wrote:

> Bridget,
>
> I am just checking in to see if you have any updated information for me to pass along to ICE regarding your client. If so, I will pass along asap.
>
> Thanks,
>
> Shannon
>
> **From:** Bridget Pranzatelli <bridget@nipnlg.org>
> **Sent:** Wednesday, November 12, 2025 2:08 PM
> **To:** Smitherman, Shannon (USALAW) <Shannon.Smitherman@usdoj.gov>
> **Cc:** Andrew Perry <APerry@laaclu.org>; Gruettner, Stephanie (USALAW) <Stephanie.Gruettner@usdoj.gov>; Nahmed@laaclu.org; gillman@rfkhumanrights.org; decker@rfkhumanrights.org
> **Subject:** Re: [EXTERNAL] [URGENT] Re: 1:25-cv-01320 - Unlawful Removal
>
> Shannon,
>
> Thank you for your prompt response. We are working on getting this information from Britania.
>
> Bridget
>
> On Wed, Nov 12, 2025 at 2:00 PM Smitherman, Shannon (USALAW) <Shannon.Smitherman@usdoj.gov> wrote:
>
>> Bridget,
>>
>> ICE confirmed that your client was removed to Mexico inadvertently. I am working to get more information right now, but I have been asked if you can provide a day/time and port of entry that Rios can present to so that reentry can occur.
>>
>> Thanks,
>>
>> Shannon
>>
>> **From:** Bridget Pranzatelli <bridget@nipnlg.org>
>> **Sent:** Wednesday, November 12, 2025 12:27 PM
>> **To:** Smitherman, Shannon (USALAW) <Shannon.Smitherman@usdoj.gov>
>> **Cc:** Andrew Perry <APerry@laaclu.org>; Gruettner, Stephanie (USALAW) <Stephanie.Gruettner@usdoj.gov>; Nahmed@laaclu.org; gillman@rfkhumanrights.org;

decker@rfkhumanrights.org

**Subject:** [EXTERNAL] [URGENT] Re: 1:25-cv-01320 - Unlawful Removal

Hi Shannon,

We just received notice that our client, Britania Uriostegui Rios (case no. 1:25-cv-01320), was deported to Mexico. This is a clear violation of her deferral of removal under the Convention Against Torture ("DCAT") protection, granted by an immigration judge and precluding removal to Mexico.

Please let us know if you and your clients will facilitate Britania's immediate return. If not, we will seek relief from the Court forthwith.

Regardless, we will file a notice so the Court is aware of this development.

Thank you,

Bridget Pranzatelli

--

**Bridget Pranzatelli** | she/her/ella
Staff Attorney
National Immigration Project
Based in New Orleans, LA
T: 504-940-4777
www.nipnlg.org | @nipnlg

Give today | View our upcoming trainings | Become a member

WARNING: The information contained herein is intended only for the use of the intended recipient(s) and may contain information that is confidential or legally privileged. Interception, copying, accessing, disclosure, distribution, or use of this message or any attachments by any person other than an intended recipient is prohibited. If you are not the intended recipient, please immediately advise the sender by replying by email that this message has been inadvertently transmitted to you and destroy all electronic and paper copies in your possession or control.

On Fri, Nov 7, 2025 at 2:06 PM Bridget Pranzatelli <bridget@nipnlg.org> wrote:

> Thank you for your prompt response.
>
> Bridget
>
> On Fri, Nov 7, 2025 at 2:03 PM Smitherman, Shannon (USALAW) <Shannon.Smitherman@usdoj.gov> wrote:
>
>> No opposition.