# UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| BRITANIA URIOSTEGUI RIOS,<br><br>                             *Plaintiff*,<br><br>v.<br><br>DONALD J. TRUMP, et. al.<br><br>                             *Defendants*. | Civil Action No. 1:25-cv-1798 |

## MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

    Plaintiff Britania Uriostegui Rios ("Britania") moves this Court for a temporary restraining order ("TRO"). She asks this Court to order Defendants—who concede they unlawfully deported her to Mexico—to immediately return her to the United States without incident on November 18, 2025, and to place her on an Order of Supervision ("OSUP") to prevent her from being wrongfully deported again. *See* Dkt. 1 at 13.

    As set forth in her Complaint and the evidence attached thereto, Britania has a final order from an Immigration Judge ("IJ") granting her protection under the Convention Against Torture (CAT)— prohibiting her removal to Mexico. *See* Dkt. No. 1-2 (March 14, 2025, Order). Defendants could have sought to rescind that March 14, 2025, order and reopen Britania's removal proceedings, but they did not. *Id.* at ¶ 33. Instead, on November 11, 2025, contrary to the IJ's judicial decree, Defendants removed Plaintiff to Mexico (the country to which her removal was proscribed) without any legal process whatsoever. Dkt. No. 1-3 (Decl. of T. Lepson). Britania accordingly lost a judicially prescribed right. She is unquestionably owed a remedy by Defendants.

1

A court will grant preliminary injunctive relief, including a TRO, where the moving party can demonstrate: "(1) a substantial likelihood h[er] cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest." *Misquitta v. Warden Pine Prairie ICE Processing Ctr.*, 353 F. Supp. 3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir. 1981)). In cases against the government, the third and fourth factors merge. *Texas v. United States*, 809 F.3d 134, 187 (5th Cir. 2015) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)).

As to the first prong of the TRO test, there is more than a substantial likelihood that Britania will succeed on the merits of her CAT, procedural due process, substantive due process, Administrative Procedures Act ("APA"), and mandamus claims. *See* Dkt. No. 1 at ¶¶ 47-69. Importantly, all five claims are premised on the same operative facts, which are: Britania had judicial protection from removal to Mexico and Defendants removed her anyway. *Id.* In doing so, Defendants violated:

- The very law that provided Britania with protection (CAT), *id.* at ¶¶ 47–51;
- The Fifth Amendment to the U.S. Constitution, which provides for both procedural and substantive due process—meaning that Defendants will engage in conduct that follows the law and that does not shock the conscience (including flagrantly violating judicial authority), *id.* at ¶¶ 52–59; and
- The APA, which prohibits Defendants from engaging in arbitrary or capricious conduct—the vary conduct at issue here, *id.* at ¶¶ 60–64.

In light of the aforementioned violations, Britania is owed a tangible remedy—one that

obviously differs from the previous right she was initially afforded (her deferral of removal pursuant to CAT)—as that was wholeheartedly ignored by Defendants when they deported her to the very country from which they were prohibited from removing her. *See* Dkt. No. 1-5 (Email Communications with United States Attorney's Office for the Western District of Louisiana ("Emails with AUSA")).  The remedy Britania seeks, which sounds in her mandamus action, can be readily accomplished by releasing her on an OSUP until a potential and viable *third country* removal option presents itself. *Id.* at ¶¶ 65–69.  Importantly, Defendants concede that Britania was removed in violation of the IJ Order granting her CAT protection. *See* Dkt. No. 1-5 (Emails with AUSA). This concession is enough to show a likelihood of success on the merits of all five of Britania's claims.

As to the second TRO prong, there can be no doubt that there is a substantial threat of irreparable injury if the injunction is not granted.  Britania met the standard for protection under CAT by demonstrating that she would be subject to torture if returned to Mexico. *See Johnson v. Guzman Chavez*, 141 S. Ct. 2271, 2283 (2021). Here, irreparable harm is uncontested; indeed Defendants never appealed Britania's DCAT grant. *See* Dkt. No. 1 at ¶ 33. "Perhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered." *Monumental Task Comm., Inc. v. Foxx*, 157 F. Supp. 3d 573, 582–83 (E.D. La. 2016), aff'd sub nom. *Monumental Task Comm., Inc. v. Chao*, 678 F. App'x 250 (5th Cir. 2017) (quotations omitted). The Fifth Circuit requires only a "substantial threat" of irreparable injury, *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir.1996), which is defined as "harm for which there is no adequate remedy at law," unlike, for example, monetary damages. *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 585 (5th Cir. 2013).

3

There is no question that Britania satisfies the TRO irreparable injury requirement.

As to the third and fourth prongs of the TRO test, Defendants concede that they unlawfully removed Britania. *See* Dkt. No. 1-5 (Emails with AUSA). This means that the third and fourth TRO factors weigh clearly in Britania's favor. *See Texas*, 809 F.3d at 187 ("Although the United States cites the public interest in maintaining separation of powers and federalism by avoiding judicial and state interference with a legitimate executive function, there is an obvious difference: The interest the government has identified can be effectively vindicated after a trial on the merits. The interest [the opposing party] ha[s] identified cannot be. . . .").

Nonetheless, Respondents have refused to take any measurable action to return Britania to the United States, beyond requesting information from Plaintiff's counsel, and have equally refused to place her on an OSUP upon return. *See* Dkt. No. 1-5 (Emails with AUSA). Needless to say, this is a curious approach—given that Plaintiff's counsel was provided with no notice that Britania was being deported; did not deport Britania themselves; and are not privy to Immigration and Customs Enforcement operations, let alone where Britania was abandoned in Mexico or when. Moreover, there is no question that when Britania was deported to Mexico, Defendants were on notice that Britania both had (a) legal counsel, and (b) an IJ Order precluding her removal to Mexico—in particular, because Britania has a habeas action pending before this Court. *See Uriostegui Rios v. Trump et al*, Case No. 1:25-cv-01320-JE-JPM.

In light of the foregoing, Britania respectfully asks that this Court grant her request for a TRO and order Defendants to immediately allow her to safely return to the United States when she appears at a mutually agreed upon port of entry on November 18, 2025, and to order that she be placed on an OSUP to prevent the error of her wrongful deportation from repeating itself. *See* Dkt. 1 at ¶ 5.

Dated: November 17, 2025

*/s/ Sarah E. Decker*
Sarah E. Decker*
ROBERT F. KENNEDY HUMAN RIGHTS
1300 19th Street NW, Suite 750
Washington, DC 20036
Tel.: (908) 967-3245
decker@rfkhumanrights.org

*/s/ Sarah T. Gillman*
Sarah T. Gillman*
ROBERT F. KENNEDY HUMAN RIGHTS
88 Pine Street, 8th Floor, Suite 801
New York, New York 10005
Tel.: (646) 289-5593
gillman@rfkhumanrights.org

*/s/ Bridget Pranzatelli*
Bridget Pranzatelli
LA Bar No. 41899
NATIONAL IMMIGRATION PROJECT
1763 Columbia Road NW, Ste. 175 #896645
Washington, DC 20009
Tel: (504) 940-4777
bridget@nipnlg.org

Respectfully submitted,

*/s/ Charles Andrew Perry*
*/s/Nora Ahmed*
ACLU Foundation of Louisiana
Charles Andrew Perry
LA Bar No. 40906
Nora Ahmed*
NY Bar No. 5092374
1340 Poydras St., Ste. 2160
New Orleans, LA 70112
Tel: (504) 522-0628
aperry@laaclu.org
nahmed@laaclu.org

*Attorneys for Plaintiff*
* *Pro hac vice applications forthcoming*

5